IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUMANN AUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOAN K. PHILLIPS, )<br>)<br>Defendant. )<br>) | 8:07CV431<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's motions for a preliminary injunction/temporary restraining order, Filing No. 18, and expedited consideration of the motion, Filing No. 20. Plaintiff is an auction company and alleges that defendant contracted with plaintiff to permit the sale of expensive antique toys and tractors at an auction to be conducted in June 2008. Plaintiff contends it has already spent considerable sums advertising and preparing for the auction. Plaintiff also alleges it would receive substantial commissions off the sale of the toys and tractors. Plaintiff brings this motion for a temporary restraining order/preliminary injunction on the basis that defendant has now agreed to allow another auction company to sell defendant's toys the first week of April 2008. Plaintiff asks this court for an order preventing the auction that is to occur April 1 through April 7. Defendant has filed a motion to quash deposition, Filing No. 24. The court conducted a hearing on this date, received evidence, heard oral argument, and concludes the motion for the preliminary injunction must be denied.

The extraordinary remedy of a preliminary injunction should not be granted unless the movant has demonstrated: (1) the threat of irreparable harm to it; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other

parties; (3) the probability that it will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). No single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir. 1996). The burden on a movant to demonstrate that a preliminary injunction is warranted is heavier when, as here, granting the preliminary injunction will in effect give the movant substantially the relief it would obtain after a trial on the merits. *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815 F.2d 500, 503 (8th Cir. 1987).

### 1. Irreparable injury

"'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). Thus, to warrant a preliminary injunction, the moving party must demonstrate a sufficient threat of irreparable harm. *Id.* The court finds that the plaintiff fails to meet its burden in this regard. This is a simple breach of contract action. The requested relief is monetary damages. Even if the sale goes forward in April, plaintiff would be entitled to recoup its damages in the form of monetary relief if it is successful in this case.

### 2. Balance of harms

The court must proceed to balance the harm to the defendant in granting the injunction. *Hill v. Xyquad, Inc.*, 939 F.2d 627, 630-31 (8th Cir. 1991). The court listened to the evidence and determined that the defendant would be harmed if the auction is not permitted to proceed in April. All advertisements and sales information have been

distributed. There is a chance that if the sale did not proceed, the property could diminish in value. Further, the court has already determined there is no irreparable harm to the plaintiff in allowing this auction to proceed. Thus, the court finds the balance of harm weighs in favor of permitting defendant's auction to proceed in April.

### 3. Probable success on the merits

Plaintiff has not shown a high probability of success on the merits. Although there is clearly a contract that allows the plaintiff to sell the tractors and other toys in June 2008, the defendant contends that the person who signed the contract, Joan Phillips, did so in her individual capacity and had no legal right to sign the contract. If this is true, plaintiff is not likely to win on the merits of the case.

### 4. The public interest

The court finds the public interest weighs stronger in allowing the auction of April 1, 2008, to proceed. The parties can figure out their legal rights through this lawsuit or through the state probate court. Consequently, the court concludes that this factor weighs in favor of the defendant.

Applying the *Dataphase* factors, the court concludes that the motion for preliminary injunction/temporary restraining order should be denied.

With regard to the motion to quash, Filing No. 24, the court finds that motion to quash the March 10, 2008, deposition should be granted. The court will permit the deposition of Ms. Phillips sometime before May 31, 2008.

Further, the court will extend the deadlines for sixty days to amend the pleadings and to add parties to this lawsuit.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for an expedited hearing, Filing No. 20, is granted.

2. Plaintiff's motion for a preliminary injunction, Filing No. 18, is denied.

3. Defendant's motion to quash the March 10, 2008, deposition, Filing No. 24, is granted. Plaintiff may take defendant's deposition on or before May 31, 2008.

4. The court will extend the deadlines for filing amended pleadings and for adding additional parties until June 12, 2008.

DATED this 5th day of March, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge