IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUMANN AUCTIONS INC., ) | |
| ) | |
| Plaintiff, ) | 8:07CV431 |
| ) | |
| v. ) | ORDER |
| ) | |
| JOAN K. PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's Motion for Trial in North Platte (Filing No. 14). The defendant filed an affidavit (Filing No. 15) in support of the motion. The plaintiff filed an objection (Filing No. 17) to changing the place of trial, with an attached affidavit. The defendant filed a brief (Filing No. 33) and an index of evidence (Filing No. 34) in reply.

## BACKGROUND

This action arises out of a contract for auction services. The plaintiff, an Illinois corporation with its principal place of business in Nokomis, Illinois, conducts auctions and other business throughout the nation. **See** Filing No. 1 ¶ 3; Filing No. 17 - Aumann Aff. ¶ 4. The defendant is a resident of Bridgeport, Morrill County, Nebraska. **See** Filing No. 1 ¶ 4. The parties entered into an agreement providing that the plaintiff would provide auction services to the defendant, specifically auctioning an Antique Tractor Collection and an Antique Toy Collection. *Id.* ¶ 5. However, before the auction, the defendant notified the plaintiff that she no longer owned the items to be auctioned and no longer needed the plaintiff's services. *Id.* ¶ 6. Based on these allegations the plaintiff seeks damages for loss of commissions and damages to its business reputation. *Id.* ¶¶ 8-9.

The plaintiff requested trial by jury to be held in Omaha, Nebraska. *Id.* The plaintiff states the person with the most involvement in this case for the plaintiff is Kurt M. Aumann, who is a resident of Illinois. **See** Filing No. 17 - Aumann Aff. ¶¶ 2-3. Mr. Aumann states it is more convenient for him and his employees to travel by air through St. Louis to Omaha, than by use of a connecting flight through Denver to North Platte. *Id.* ¶ 6. The

plaintiff states there are eight potential witnesses from Illinois, and others from Colorado, South Carolina, Tennessee, Michigan, Wisconsin, Indiana, Pennsylvania, Ohio and Kansas. *Id.* Mr. Aumann states the defendant confided to him that she intends to move to Arizona at the completion of the auction. *Id.* ¶ 7. Counsel for both parties have an office in Omaha, Nebraska. The plaintiff argues a change in the place of trial would merely move the burden of travel to the plaintiff, rather than on the defendant. In any event, most of the witnesses would have to travel for trial in either location.

The defendant contends North Platte is a more convenient location for trial. The defendant states the contract underlying the action was signed in Bridgeport, Nebraska, where the subject auction was to take place and where the subject property is located. The defendant states she lives 162 miles from North Platte, but 439 miles from Omaha, Nebraska. **See** Filing No. 15 - Phillips Aff. ¶ 4. The defendant anticipates calling two other witnesses at trial, one from Bayard, Nebraska and one from Fort Collins, Colorado. *Id.* ¶ 5. The defendant states both of these witnesses are closer to North Platte, than to Omaha, Nebraska. Additionally, the defendant argues there are witnesses located in Bridgeport and Wakefield, Nebraska, who will be outside the subpoena power of the court, if the trial is held in Omaha, Nebraska. **See** Filing No. 33 - Reply. The defendant argues since the plaintiff's representatives will have to travel regardless of the location, they will suffer no greater burden if the trial is in North Platte.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action . . . shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, . . . may file a written request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be filed as a motion. Any other party then shall have ten (10) business days to respond.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves

weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. ***Id.*** Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare** ***Terra Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. ***BASF Corp. v. Symington***, 50 F.3d 555, 557 (8th Cir. 1994); ***Gen. Comm. of Adjustment v. Burlington N.R.R.***, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. ***Nelson***, 747 F. Supp. at 535 (**citing** ***Van Dusen v. Barrack***, 376 U.S. 612, 646 (1964)); ***General Comm.***, 895 F. Supp. at 252; **see also** ***Ferens v. John Deere Co.***, 494 U.S. 516, 522-23 (1990).

The convenience of the plaintiff, counsel and the majority of witnesses, on the basis of the affidavits before the court, appears to favor Omaha. The relative convenience of trial in Omaha outweighs the convenience to the defendant and a few witnesses of having trial in North Platte. The defendant will not be unduly prejudiced by some witnesses being more than 100 miles from the courthouse, the court has the authority to compel their attendance at trial. **See** Fed. R. Civ. P. 45(c)(2)(B)-(C). After reviewing the materials

submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be Omaha, Nebraska. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion for Trial in North Platte (Filing No. 14) is denied.
2. The plaintiff's objection (Filing No. 17) is sustained.

DATED this 10th day of March, 2008.

                                                BY THE COURT:

                                                s/ Thomas D. Thalken
                                                United States Magistrate Judge