# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AUMANN AUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV431 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOAN K. PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Compel and For Sanctions (Filing No. 44).[1] The plaintiff filed a brief (Filing No. 45), a reply brief (Filing No. 61), and an index of evidence (Filing No. 46) in support of the motion. The defendant filed a brief (Filing No. 60) in opposition to the plaintiff's motion. Additionally, the defendant has submitted, for *in camera* inspection, copies of all documents produced which had any redacted portions. Finally, the defendant submitted a draft protective order to which the plaintiff had objections. The plaintiff then submitted its own draft protective order. No other briefing on the matter occurred.

## BACKGROUND

In the instant action, the plaintiff alleges breach of contract related to the plaintiff's auction services. **See** Filing No. 1 - Complaint. The following is a summary of the plaintiff's allegations in the complaint. On September 11, 2007, the plaintiff and defendant entered into two contracts for the plaintiff to provide auction services to the defendant for the auction of an antique tractor collection and an antique toy collection. *Id.* ¶ 5. The defendant was owner or part owner of the collections, along with Gary's Implements, Inc., and Gary Phillips or the Estate of Gary Phillips. The auction was scheduled for June 2008. *Id.* In exchange for the auction services, the defendant agreed to pay the plaintiff a

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

commission based on gross sales, plus expenses. *Id.* The contract provided that in the event any items were removed by the defendant from the auction, the plaintiff was entitled to not less than double the commission based on the current market value of the items. *Id.* However, on October 19, 2007, the defendant informed the plaintiff that the defendant no longer owned the items to be auctioned and the plaintiff's services were no longer needed. *Id.* ¶ 6. The plaintiff took the statements to mean the defendant was not going to perform the contract and the statements constituted a direct repudiation of the contract. *Id.*

On November 9, 2007, the plaintiff filed the instant action for anticipatory breach of the auction contracts. The plaintiff asserts the defendant's breach of contract caused damages in the form of loss of commission on the antique tractor collection, valued by the plaintiff at $6,250,000, loss of commission on the antique toy collection, valued by the plaintiff at $100,000, and expenses incurred for marketing the auction. *Id.* ¶ 8. Additionally, the plaintiff alleges loss of business reputation. *Id.* ¶ 9.

The defendant asserts the contracts at issue are void, voidable or otherwise unenforceable because the defendant, individually, did not have exclusive and outright ownership of the subject items. **See** Filing No. 9 - Answer ¶ 11. Additionally, the defendant states the plaintiff did not inventory the items for auction prior to October 19, 2007, as was necessary under the contract. *Id.* ¶¶ 12-13. Finally, the defendant contends the contracts were not supported by consideration and contained other fatal defects. *Id.* ¶¶ 14-17.

On February 29, 2008, the plaintiff filed a motion for preliminary injunction. **See** Filing No. 18. The plaintiff alleged the defendant intended to sell the collections which were the subjects of the contracts between the parties in April, 2008, through a different auction company. *Id.* On March 5, 2008, the court denied the plaintiff's motion. **See** Filing No. 30. The record reflects an auction took place April 1-7, 2008, conducted by auctioneer Kruse International.

On March 26, 2008, the plaintiff served interrogatories and request for production of documents on the defendant. **See** Filing No. 36 - Notice of Service. On May 9, 2008, after an agreed upon extension, the defendant served her responses. **See** Filing No. 38 -

Notice of Service. The defendant's responses included multiple objections such as the information sought is confidential, proprietary and outside the scope of discovery. **See** Filing No. 46 - Ex. 1(A) - Interrogatory Answers; Ex. 1(B) - Request Responses.

In May 2008, the parties conferred about the interrogatory answers and request responses. **See** Filing No. 46 - Ex. 1 - Stave Aff. Additionally, the parties discussed the defendant's deposition, which they were unable to schedule prior to the court-imposed deadline. The defendant wanted to schedule the deposition after the deadline, on June 5, 2008, because she would be out of town until that date. The defendant's counsel stated the defendant would provide some additional discovery and could "do some further fine-tuning which I think will satisfy most of your concerns." **See** Filing No. 46 - Ex. 1(C) - Grennan E-mail. The defendant's counsel noted, he could not finalize anything until his client returned to town. *Id.*

Based on the parties inability to resolve the issues in a timely manner, the plaintiff filed the instant motion on May 30, 2008 seeking supplemental discovery responses and sanctions related to the discovery and failure to timely schedule the defendant's deposition. **See** Filing No. 44 - Motion. On June 13, 2008, the defendant filed a brief in opposition to the motion to compel and supplemental discovery responses. **See** Filing No. 59 - Notice of Service. The defendant contends the supplemental responses should satisfy the plaintiff's concerns. **See** Filing No. 60 - Response Brief p. 2-3, 5. Alternatively, the defendant suggested in camera inspection of certain redacted documents and/or scheduling a mediation session prior to expending additional efforts on discovery. The plaintiff contests the information's confidentiality, claims all redacted information is relevant, and seeks production of unredacted copies of the documents. **See** Filing No. 61 - Reply.

On June 23, 2008, the court held a telephone conference with counsel for the parties. **See** Filing No. 62. The court set a deadline for the defendant to submit the unredacted documents for in camera inspection. *Id.* Additionally, the parties informed the court, they had resolved their dispute about the defendant's deposition.

The parties do not dispute the specifics of particular interrogatories or requests for production. The defendant does not contest that the redacted documents would be responsive to one or more of the items requested by the plaintiff. For context, the court will

describe the interrogatories and requests served by the plaintiff.  Generally, the discovery requested is "related to the question of what happened to the antique tractors and toys following the entry of the contract" between the parties.  **See** Filing No. 45 - [Brief](#) p. 5.  Specifically, in Interrogatory Nos. 7, 8, 10, 12, 14, and 16, the plaintiff seeks information involving the subsequent transfer of ownership of the antique tractor collection and the antique toy collection from the defendant to Kruse International, Commercial Capital Company, and any other parties.  **See** Filing No. 46 - Ex. 1A - [Interrogatory Answers](#).  The plaintiff seeks to obtain information involving any legal actions the defendant was or is involved in, specifics of the auction, which occurred in April, 2008, including total sales and proceeds, and information involving Bill Seaworth, Arnold Harimon, and Ralph Kosmicke.  *Id.*  Similarly, in Request Nos. 2, 3, 4, 5, and 6, the plaintiff seeks copies of contracts, agreements, and correspondence between the defendant and Kruse International and/or Commercial Capital Corp.  **See** Filing No. 46 - Ex. 1B - [Request Responses](#).  The plaintiff also seeks marketing related to the April 2008 auction, an itemized list of all antique tractors and antique toys owned at the time of Gary Phillips' death, a list of all antique tractors and antique toys sold at the April 2008 auction, and a copy of any contract the defendant entered into involving the antique tractor and toy collections.  *Id.*

      The defendant objected to the above discovery requests as being confidential, proprietary, and outside the scope of discovery.  Filing No. 46 - Ex. 1A - [Interrogatory Answers](#); Ex. 1B - [Request Responses](#).  The defendant has supplemented the discovery, but redacted some information.  The defendant argues the information involving the April 2008 auction or an agreement between the defendant and a third-party is beyond the scope of discovery because the agreement encompassed personal and real property unrelated to this lawsuit, in addition to the collections, which are the subject of this lawsuit. Since the defendant maintains certain provisions of the contracts between the defendant and a third-party contain confidential and irrelevant provisions, such as specific financial matters, the defendant redacted those provisions before production of the documents.  Further, the defendant states the April 2008 auction conducted by Kruse International "did not involve property or equipment that was owned by Defendant (or the Estate of Gary

Phillips, Gary's Implement, Inc. or Gary's Equipment, Inc.).  **See** Filing No. 60 - Response Brief p. 3.

## ANALYSIS

**A.    Discovery**

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.  **See** Fed. R. Civ. P. 26(b)(1).  Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  **See** *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D. D.C. 2005).  The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993).  Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case.  **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."  *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).  The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery

request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See** *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** *id.* The District Court has discretion to limit the scope of discovery, if it has a good reason to do so. *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

The plaintiff states "[t]here are a multitude of reasons why such information is relevant, and/or reasonably calculated to lead to discoverable evidence." **See** Filing No. 45 - Brief p. 5. Additionally, the plaintiff argues "such information goes to the very heart of many of the issues in the case, and the objection to the provision of same is groundless and the basis for sanctions." *Id.* Specifically, the plaintiff states the plaintiff's damages (lost commissions) will be measured by a percentage of the gross sales. Additionally, the contract provides for a penalty, if the seller removes items from the auction, of double the commission of the "current market value" of the items. *Id.* at p. 5-6. Accordingly, the plaintiff contends the actual sale price of the items and the details regarding the transfers is relevant to damages. The plaintiff states the subsequent auctioneer's commission is also relevant to damages. The plaintiff also argues the transfer information sought is relevant to the defendant's claims she was not the owner of the property when she entered into the contracts at issue. Moreover, the defendant claims the contracts are unenforceable because the number of items in the collections were unknown. The plaintiff contends the information sought would help determine the number of items in the collections. *Id.* at p. 6. Finally, the plaintiff argues there is no valid reason set forth which

6

would support the defendant's claim this information is confidential.  **See** Filing No. 61 - Reply p. 2.

The court reviewed, *in camera,* an unredacted copy of the supplemental materials previously provided to the plaintiff in redacted form.  In a contract dated November 24, 2007, and a bill of sale dated December 13, 2007, the defendant, on behalf of herself, as Personal Representative of the Estate of Gary J. Phillips, and as President of Gary's Implement, Inc. and Gary's Equipment, Inc. sold personal property to Texas Capital, signed by Dean V. Kruse.  The contract and bill of sale purport to relate to a list of items on "Exhibit A - Property Description."  **See** JP000013 and JP000025.  However the unredacted version of Exhibit A shows the documents was left blank below the header by the contracting parties.  **See** JP000019.  Because Exhibit A was left blank, the court is unable to compare the exact items contemplated in the parties' contracts with the later auctioned items.  However, the plaintiff states it advertised the same number of antique tractors (2,500) as was advertised for the April 2008 auction.  **See** Filing No. 45 - Brief p. 7.  Kruse International advertised "20,000 items selling in 13,000 lots" for the auction.  **See** Filing No. 48-2 Exhibit 1(I) p. 7 - Kruse International's auction catalog.  This, and other evidence before the court, indicate the large disparity between the items at issue in the parties' contracts as compared to the items at issue in the November 24, 2007 contract.  Clearly, the contract and bill of sale between the defendant and Texas Capital convey more than only the antique tractor collections.  Therefore, the redacted information can have no bearing on the amount of damages the plaintiff could expect to recover in this case because the financial information would not be an accurate representation of the sale price of the two collections at issue.  Additionally, while the scope of discovery need not be limited to the precise and narrow issues of a given case, the plaintiff has failed to meet its threshold burden of showing any of the other redacted information is relevant or could lead to admissible evidence in this case.  Specifically, the plaintiff has failed to show how any commission information would reasonably bear on damages or any other of the issues in this case.  Other redacted information and dollar amounts relate to the sale of real property, which has no bearing on the issues in this case.  Accordingly, the plaintiff's motion to compel will be denied.

### B. Confidentiality

The parties entered into a stipulation to keep the documents produced by the defendant confidential pending a ruling by this court to the contrary. **See** Filing No. 58. The parties each submitted draft protective orders regarding the documents should the court deem them subject to a protective order. After review of the documents, the court finds they contain confidential business and personal information and proprietary business information. Good cause exists to shield the redacted documents from public view. Additionally, the court has reviewed the parties' competing draft protective orders. At this time, the court will not adopt either proposed order. It is sufficient to note the redacted documents, originally produced to the plaintiff on June 13, 2008, shall be designated as "confidential" and shall not be used by the plaintiff, nor any person under its influence or control for any purpose except solely in connection with this litigation and such materials shall be disclosed only to counsel for the party, the particular testifying witness for the party having need of same in order to testify thereon. The parties may confer and submit a stipulated protective order to the court, either expanding or diminishing the protections set forth in this order as necessitated by the facts of this case and Rule 26(c).

### C. Sanctions

The plaintiff seeks sanctions in the motion to compel for unjustified objections to discovery and the delay caused by the discovery motion and the defendant's failure to present herself for a deposition. With regard to sanctions, Federal Rule of Civil Procedure 37(a)(5)(B) provides:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Upon reviewing the circumstances of this case, the court finds the substance of the motion to compel was substantially justified. The parties asserted legitimate reasons for several of the arguments. **See** Fed. R. Civ. P. 37(a)(5)(B). The defendant provided some additional discovery and finally scheduled the defendant's deposition only after the motion to compel was filed. The defendant, however, cannot be held solely responsible for the delay related to the production. The court does not find the imposition of sanctions to be warranted in this case and will not assess sanctions against any party with regard to the instant discovery dispute. Upon consideration,

**IT IS ORDERED**:

1. The plaintiff's Motion to Compel and For Sanctions (Filing No. 44) is denied.

2. The documents submitted in camera are hereby considered confidential. These redacted documents shall not be used by the plaintiff, nor any person under its influence or control for any purpose except solely in connection with this litigation and such materials shall be disclosed only to counsel for the party, the particular testifying witness for the party having need of same in order to testify thereon.

3. If the redacted documents are filed for any reason in this case, they shall be filed under Restricted Access, as described by NECivR 5.3(c) for unredacted documents.

4. **On or before September 3, 2008**, counsel for the defendant shall retrieve from the undersigned magistrate judge's chambers the unredacted documents, which were submitted on June 27, 2008.

DATED this 21st day of August, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge